# County of Allegheny *versus* McClung.

1. Where land is purchased by the United States with the consent of a state for forts, &c., the legislative power is transferred from the state to Congress, who may exclude all state officers from acting on such premises, unless restrained by some qualification in the consent.

2. It seems that a proviso to the consent to purchase land by the United States, "that nothing shall be construed so as to impede or prevent the execution of any civil or criminal process under the authority of the state," would authorize the coroner to hold an inquest, within such premises.

3. A coroner having held an inquest in an arsenal, was entitled to his fees from the county, which cannot set up the defence that the coroner acted beyond his jurisdiction.

ERROR to the Court of Common Pleas of *Allegheny county.*

This was an action of debt by John McClung against The County of Allegheny; the writ was issued September 4th 1865. By the Act of March 19th 1813, 6 Sm. L. 377, the Commonwealth gave her consent to the purchase by the United States of a tract of 30 acres of land in the county of Allegheny, now in the borough of Lawrenceville, "for a site for a military station and establishment for the ordnance department: Provided, That nothing herein contained shall extend, or be construed to extend, so as to impede or prevent the execution of any process, civil or criminal, under the authority of this state." An arsenal, in which there was a laboratory, was erected on the land purchased.

On the 17th day of September 1862 an explosion took place in the laboratory, by which seventy-two persons were killed. Mc-Clung, who was coroner of the county of Allegheny, held an inquest *super visum corporum;* and returned an inquisition finding the cause of the death, &c. The officers of the county having

[County of Allegheny *v.* McClung.]

declined to pay the coroner's fees, this suit was brought for their recovery.

The jury found a verdict of $233 for the plaintiff, subject to a reserved question whether under these facts the plaintiff could recover.

Afterwards the court (Stowe, A. J.) delivered an opinion, sustaining the plaintiff's right to recover, and entered judgment, August 6th 1866, for the plaintiff on the verdict.

The errors assigned were:—

" The court erred in determining the reserved question in favor of the plaintiff below, and in entering judgment on the verdict.

" The coroner of Allegheny county had no power to hold an inquest, *super visum corporis*, within the limits of the Allegheny arsenal ground, the same being within the exclusive jurisdiction of the United States, and his proceedings were altogether without the authority of the law and void."

*R. B. Carnahan*, for plaintiff in error, cited U. S. *v.* Cornell, 2 Mason 60, 91 ; Commonwealth *v.* Young, Brightly 302 ; People *v.* Godfrey, 17 Johns. 225 ; U. S. *v.* Traver, 2 Wh. Cr. Cases 490 ; People *v.* Lent, Id. 548 ; U. S. *v.* Weese, 2 Wallace, Jr. 722.

*T. M. Marshall*, for defendant in error.

The opinion of the court was delivered, January 7th 1867, by

WOODWARD, C. J.—The only defence which the county set up against the coroner's claim of compensation was, that he had no right to hold an inquisition within the arsenal grounds, the jurisdiction of the Government of the United States being exclusive within those grounds. The Constitution of the United States gives Congress the exclusive power of *legislation* over all places purchased by the consent of the legislature of the state in which the same shall be, for the erection of forts, magazines, arsenals, dockyards, &c. The legislative power over places so purchased is transferred from the state to the Federal government, and Congress might undoubtedly exclude coroners and all other state officers from exercising their functions upon such premises, unless restrained by some qualification in the expression of state consent. In the Act of Assembly of 19th March 1813, giving consent to the purchase by the Federal government of the arsenal grounds in question, there is this proviso: " That nothing herein contained shall extend, or be construed to extend, so as to impede or prevent the execution of any process, civil or criminal, under the authority of this state."

The Federal government then took the title, subject to the right of the state authorities to execute state process within the arsenal grounds, and when seventy-two citizens of the state had been

[County of Allegheny *v.* McClung.]

suddenly killed by the explosion of the laboratory of the arsenal, had not the coroner a right to enter to hold his inquest? It would not be straining the language of the proviso very hard to hold that the coroner's inquest was criminal process; for under the statutes of Edward I. (Roberts's Dig. 100, 3 Binn. 601), and Henry VII., cap. 1 (Roberts's Dig. 102, 3 Binn. 616), which have been extended to Pennsylvania, and which are our only statutory definitions of the appropriate duties of the coroner, he is a judicial officer, and can only sit to hold his inquest *super visum corporis,* at the very place where the death happened. In the case of Allegheny County *v.* Watts, 3 Barr 465, the coroner was spoken of as a judicial magistrate, and competent at the common law not only to receive criminal accusations but to try them, though this latter power has been taken away by statute. In that case he was allowed the expenses of a professional *post mortem* examination, because it was necessary to the administration of criminal justice. It would not, I repeat, be doing great violence to the language of the proviso to hold the official acts of so important a public agent, inquiring for the whole body of the Commonwealth into a suspected crime, as embraced within the purview of the enactment; but it is unnecessary in this case to resort to any strained or doubtful interpretation, for whatever were the exclusive rights of the general government, they had not been claimed or asserted. No Act of Congress had forbidden the state to send its appropriate agent to investigate the cause of a great public calamity, and no government official had kept him out of the grounds. Nor is the Federal government, or any one for it, complaining of the invasion of its exclusive jurisdiction. The coroner's presence and proceedings were attended with the implied if not the express sanction of both governments, and were demanded by the exigencies of the occasion.

Then he ought to be paid his fees by the county. They cannot shield themselves from liability by the poor pretence that the coroner went beyond his jurisdiction. It belongs not to the county to set up such a defence, but it is their duty to pay for the services of their agent so properly rendered.

The judgment is affirmed.